IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        Criminal Action No. 1:20CR88
                                     (Judge Kleeh)

TEE DODD,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE [ECF NO. 53]

Pending before the Court is the motion of the defendant, Tee Dodd ("Dodd"), requesting compassionate release pursuant to 18 U.S.C. § 3582 [ECF No. 53]. For the reasons that follow, the Court **DENIES** his motion.

### I.   BACKGROUND

On December 1, 2020, Dodd pleaded guilty to a one-count Information charging him with the unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [ECF No. 20]. Thereafter, the Court sentenced him to forty-six (46) months of imprisonment [ECF No. 47]. Dodd is currently incarcerated at Federal Correctional Institute Cumberland ("FCI Cumberland") and, with good conduct credit, has a projected release date of April 29, 2024.[1]

---

[1] See Federal Bureau of Prisons, https://bop.gov/inmateloc/ (results for Register No. 16671-509) (last visited November 30, 2022).

USA V. DODD                                                      1:20CR88

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE [ECF NO. 53]

On March 10, 2022, Dodd filed his pending motion for compassionate release based on his family circumstances [ECF No. 53]. Specifically, he asserts that he is the only available caregiver for his minor daughter following her mother's death. Id.

## II.  APPLICABLE LAW

Once a Court imposes a term of imprisonment, it may only modify it in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a "three-step inquiry": (1) a defendant exhausts all administrative remedies; (2) an extraordinary and compelling reason for a sentence reduction exists; and (3) a sentence reduction is consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

## III. DISCUSSION

### A.  Administrative Exhaustion

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all

2

USA V. DODD                                                    1:20CR88

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 53]**

administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

Before filing his pending motion, Dodd requested compassionate release from the Warden of FCI Cumberland on February 2, 2022 [ECF No. 54-1 at 1-4]. The Warden denied his request on March 21, 2022. Id. at 7-8. Because more than thirty (30) days have passed since he submitted his administrative request, Dodd has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

B. **Extraordinary and Compelling Reasons**

Dodd argues that his need to serve as caregiver for his minor daughter is an extraordinary and compelling reason for his release [ECF No. 53 at 3-4]. Upon careful review, the Court respectfully disagrees.

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling," but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States

3

USA V. DODD                                                      1:20CR88

**ORDER DENYING DEFENDANT'S MOTION**
**FOR COMPASSIONATE RELEASE [ECF NO. 53]**

v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

One such policy statement is U.S.S.G. § 1B1.13, Application Note 1(C), which provides that certain family circumstances constitute extraordinary and compelling reasons for a defendant's release. Pursuant to Application Note 1(C), a defendant may seek compassionate release based on family circumstances when the caregiver of their minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated, and the defendant is the only available caregiver. U.S.S.G. § 1B1.13, Application Note 1(C).

Dodd's family circumstances do not meet either of these criteria because his daughter has suitable caregivers following her mother's death. As recorded in his presentence investigation report ("PSR"), the mother of his child sadly had been diagnosed with cancer and had undergone chemotherapy treatments prior to his conviction [ECF No. 44]. As a result, Dodd's daughter lived with

4

USA V. DODD                                                    1:20CR88

### ORDER DENYING DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE [ECF NO. 53]

her maternal parents in Clarksburg, West Virginia. Id. She has
continued to reside with her maternal grandparents during Dodd's
incarceration and following her mother's death [ECF No. 54 at 5-
6]. Notably, the Circuit Court of Harrison County, West Virginia,
recently deemed them fit and proper caregivers for the minor child
and appointed them as her temporary guardians. Id. Dodd's PSR also
indicates that he has several family members in the Clarksburg
area, and he has asserted no reason why they could not also serve
as his daughter's caregivers during his incarceration.

Other courts have likewise denied a defendant's request for
compassionate release based on family circumstances where their
child had other suitable caregivers. See e.g., United States v.
Davis, 2022 WL 220872, at *9 (E.D. Va. Jan. 25, 2022); United
States v. Patino, 2021 WL 5566772, at *4 (W.D.N.C. Nov. 29, 2021);
United States v. Barberi, 2021 WL 4453603, at *5 (E.D. Va. Sept.
29, 2021) (same).

While the Court is sympathetic to Dodd's desire to be with
his daughter following her mother's death, his family
circumstances do not justify or compel his release because she has
other suitable caregivers.

### C. Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)

Even if Dodd could establish extraordinary and compelling
reasons for his compassionate release, the Court must consider the

USA V. DODD                                                    1:20CR88

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 53]**

§ 3553(a) factors to determine whether such release is appropriate. <u>High</u>, 997 F.3d at 185-86. Any decision to release an inmate early pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). The relevant considerations under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. <u>Id.</u>

The nature and circumstances of Dodd's offense weighs heavily against his release. During a law enforcement encounter, Dodd attempted to flee [ECF No. 44]. After officers apprehended him, they found in his possession a firearm, large quantities of various controlled substances, cash, scales, and other paraphernalia [ECF No. 44]. Further, Dodd's lengthy and substantial criminal history resulting in his criminal history category VI classification weighs against his release. <u>Id.</u>

Accordingly, even after crediting Dodd's preparation of a release plan, the severity of his instant offense as well as the extent of his prior criminal conduct counsels against his early release. And, as he has served less than half of his forty-six

6

USA V. DODD                                                    1:20CR88

**ORDER DENYING DEFENDANT'S MOTION**
**FOR COMPASSIONATE RELEASE [ECF NO. 53]**

(46) month sentence, any reduction would result in a sentence
insufficient to promote respect for the law, deter future criminal
conduct, and provide adequate punishment for his offense.

**IV.   CONCLUSION**

For the reasons discussed, the Court **DENIES** Dodd's motion for
compassionate release [ECF No. 53]. The Clerk shall transmit copies
of this Order to Dodd, via certified mail, return receipt
requested, and to counsel of record and all appropriate agencies
by electronic means.

DATED: December 5, 2022

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA